**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

YANIRA TRINIDAD IRIARTE CASTILLO ,
Petitioner,
v.
CHRISTOPHER J. LAROSE, Warden, Otay Mesa Detention Center, et al.,
Respondents.

Case No.: 26cv5106 DMS (AHG)

**ORDER DENYING PETITION**

This case comes before the Court on the Petition for Writ of Habeas Corpus. Respondents filed a Return to the Petition. Petitioner did not file a Traverse.

Petitioner is a native and citizen of Guatemala. She last entered the United States in 2014 with her children, and was released on supervision for humanitarian reasons. (Return, Ex. 1.) In 2015, Petitioner filed an application for asylum and withholding of removal. (*Id.*) In 2023, Petitioner withdrew her application and an immigration judge ("IJ") reinstated a removal order issued in 2003 after Petitioner unlawfully entered the country. (*Id.*) On August 12, 2026, immigration officers detained Petitioner during a check-in appointment. (*Id.*) When she filed the present Petition on September 9, 2026, she was detained at Otay Mesa Detention Center ("OMDC").

Petitioner alleges her present detention violates her right to due process, the Administrative Procedure Act, the Accardi doctrine, and is ultra vires. Respondents argue Petitioner is lawfully detained under 8 U.S.C. § 1231.

Although Respondents assert this is not a re-detention case, (Return at 5, 6), there is no evidence presently before the Court that Petitioner was detained when the removal order was reinstated on February 13, 2023, or at any time prior to August 12, 2026. If she was not detained when the removal order was reinstated, then her detention on August 12, 2026, would have been a re-detention subject to the requirements of 8 C.F.R. § 241.

Nevertheless, Respondents did have a removal order for Petitioner, and they have shown there is a significant likelihood she may be removed to Guatemala in the reasonably foreseeable future. Indeed, Petitioner was scheduled to be removed on September 9, 2026, the date she filed the present case, but was returned to OMDC in light of this Court's order prohibiting Respondents from transferring Petitioner outside of the Southern District of California. Given those circumstances, and the evidence reflecting Respondents are prepared to remove Petitioner to Guatemala, (Return, Ex. 4), the Petition must be and is denied.

**IT IS SO ORDERED**.

Dated: October 19, 2026

Hon. Dana M. Sabraw
United States District Judge